UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH,<br><br>         Plaintiff,<br><br>   v.<br><br>ECODYNE CORPORATION, *et al.*,<br><br>         Defendants._____/ | No. C 10-05105 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (Dkt. No. 34)** |

## I.   INTRODUCTION

Plaintiff Northern California River Watch ("RW") brings this action pursuant to the federal Resource Conservation and Recovery Act ("RCRA") and the federal Clean Water Act ("CWA") against Defendant Ecodyne Corporation and unnamed defendants, alleging numerous violations of both statutory schemes. Currently pending before the Court is Ecodyne's Motion to Dismiss RW's First Amended Complaint (Dkt. No. 34). Because the Court finds this matter suitable for resolution based on the parties' written submissions, the Court **VACATES** the hearing set for August 4, 2011. *See* Civil L.R. 7-1(b). After careful consideration of the parties' arguments, the Court **GRANTS IN PART AND DENIES IN PART** Ecodyne's Motion.

## II.   BACKGROUND

RW is a non-profit organization dedicated to protecting, enhancing, and helping to restore the waters of Northern California, including its drinking water sources, groundwater, rivers, creeks, and tributaries. FAC ¶ 11. It alleges that Ecodyne has violated various provisions of the RCRA and the CWA with respect to a site located on a portion of the Shiloh Industrial Park in Windsor, California (the "Site"). FAC ¶ 23.

On May 3, 2010, RW served a Notice of Violations and Intent to File Suit Under RCRA ("the

RCRA Notice") on six entities, including Ecodyne (collectively, the "Polluters"), charging the Polluters with numerous violations of "permits, standards, regulations, conditions, requirements or prohibitions effective pursuant to RCRA regarding solid or hazardous waste." FAC, Ex A at 3.

Subsequently, on July 7, 2010, RW served Ecodyne and The Shiloh Group, LLC, with a Notice of Violations and Intent to File Suit Under the Clean Water Act ("the CWA Notice"), alleging violations of CWA § 301(a), 33 U.S.C. § 1311(a) for illegal discharging pollutants from a point source to water of the United States without a National Pollution Discharge Elimination System ("NDES") permit, and for ongoing violations of the substantive and procedural requirements of the CWA § 402(p) and NPDES General Permit No. CAD000001, State Water Resources Control Board Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ. FAC, Ex. B at 1-2.

Thereafter, on November 10, 2010, RW initiated this action by filing a Complaint against Ecodyne and unnamed doe defendants for violation of RCRA and the CWA. Dkt. No. 1. After Ecodyne moved to dismiss the Complaint, NCRW filed its First Amended Complaint (Dkt. No. 31).

In its First Amended Complaint, RW asserts claims for: (1) imminent and substantial endangerment to health or to the environment pursuant to RCRA § 7002(a)(1)(b), 42 U.S.C. § 6972(a)(1)(B); (2) violation of RCRA's prohibition against open dumping pursuant to 42 U.S.C. § 6945; and (3) discharge of pollutants from a point source without a NPDES permit in violation of CWA § 301, 33 U.S.C. § 1311.

Ecodyne moves to dismiss RW's First Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), or alternatively, moves to dismiss each of RW's claims pursuant to Rule 12(b)(6) for failure to state claim upon which relief may be granted. Ecodyne further urges the Court to abstain from exercising jurisdiction over this action and defer to the primary jurisdiction of the North Coast Regional Water Quality Control Board. The Court finds Ecodyne's challenge as to the sufficiency of RW's allegations dispositive.

### III. LEGAL STANDARD

A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires

that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.,* 550 U.S. at 555 (internal citations and parentheticals omitted). In considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV. DISCUSSION

As a threshold argument, Ecodyne urges the Court to dismiss this action because RW has failed to plead sufficient facts to meet the minimum pleading requirements of Rule 8(a) or to meet the plausibility standard to survive a 12(b)(6) challenge. According to Ecodyne, the only factual allegation RW has set forth is that "Defendants'" purported violations of RCRA and CWA are associated with their activities on a site located in the Shiloh Industrial Park. These allegations aside, Ecodyne argues that the remainder of the First Amended Complaint merely sets forth the legal elements of RW's RCRA and CWA claims and conclusory allegations that "Defendants" violated provisions under these statutes. In particular, Ecodyne contends that "the First Amended Complaint . . . fails to identify which legal violations are applicable to Ecodyne as distinct from the thirty 'Defendants Doe' allegedly unknown to River Watch but who it alleges are or were 'responsible for .

3

1 . . . the violations' or 'responsible for the maintenance, supervision, management, operations, or
2 insurance coverage of' the Site." Mot. at 13 (quoting FAC ¶ 13).  Further, Ecodyne argues that RW's
3 incorporation by reference of its RCRA and CWA Notices does not cure these pleading deficiencies.
4 It points out that the Notices are each addressed to numerous "Polluters" and do not specify which of
5 the various alleged "Polluters" are responsible for the alleged violations.

6      In response, RW asserts that it has not only set forth sufficient facts to satisfy Rule 8(a)'s
7 pleading requirements, but has pled ample facts in support of each of its claims to defeat any motion
8 to dismiss pursuant to Rule 12(b)(6). Opp'n at 5-7. Specifically, without citation to any authority,
9 RW advances that "[b]ecause both the CWA and RCRA require adequate notice prior to the filing of
10 a suit, if a court finds the notice requirements have been complied with, than [sic] FRCP 8 is satisfied
11 assuming the notices were made part of the complaint as in this case." Opp'n at 5. The Court,
12 however, disagrees.

13      Notably, in the Introduction and Factual Background sections of its Opposition brief, RW sets
14 forth both the history of Ecodyne's involvement with the Site and, more importantly at this stage of
15 the litigation, *the conduct on the part of Ecodyne it alleges amounts to violations of the RCRA and the*
16 *CWA*. However, aside from general citations to Exhibits A and B (*i.e.*, the RCRA and CWA
17 Notices), RW fails to cite to any allegation in its First Amended Complaint in support of these
18 statements. Nevertheless, RW maintains that because the RCRA and CWA Notices contain detailed
19 accounts of Ecodyne's activities on the Site, including Ecodyne's connection with specific operations
20 and sources of pollution, it has adequately set forth the factual underpinnings of its claims. RW's
21 position is problematic for two reasons. First, as Ecodyne points out, the Notices are addressed to
22 multiple entities and contain allegations of conduct that may or may not be attributed to Ecodyne.
23 Second, it is RW's responsibility as the plaintiff in this action to set forth the factual allegations it
24 believes are sufficient to maintain each of its claims. RW's attempt to rely generally on the
25 representations in its Notices shifts the burden to Ecodyne -- and in the 12(b)(6) instant context, to
26 this Court -- to parse through the Notices to determine whether there are sufficient facts to survive
27 Ecodyne's 12(b)(6) challenges. As both parties recognize, the court in *Ecological Tights Found. v.*
28

4

1  *Pac. Gas & Elec. Co.*, 2011 WL 445091, at *4 (N.D. Cal. Feb. 4, 2011) was recently presented with
2  the same scenario.  As in this case, the defendant moved to dismiss the plaintiff's RCRA claim on the
3  ground that the complaint contained "virtually no factual allegations to support the claim . . ." *Id*.
4  The plaintiff countered that the supporting facts could be found in its RCRA notice attached to the
5  complaint. *Id*.  The court, however, granted the defendant's motion to dismiss the RCRA claim,
6  reasoning that, "[w]hile [defendant] may be correct that the contents of the letter are . . . technically
7  part of the complaint, the result is a pleading that cannot be meaningfully evaluated to determine if
8  the factual allegations are sufficient to state claim." *Id*.  RW's reliance on statements in its Notices,
9  rather than on allegations in its First Amended Complaint, raises the same concern, and thus this
10 Court is compelled to reach the same conclusion that RW has failed to meet the minimum pleading
11 requirements under Rule 8(a)(2) and *Twombly*.

12 In sum, while it is permissible for RW to incorporate the Notices into its pleading, this does
13 not relieve RW of its burden to set forth more than a recitation of the statutory elements of its claims
14 and conclusory allegations that Ecodyne has violated such statutes.  The Court therefore **GRANTS**
15 Ecodyne's Motion to Dismiss RW's Complaint on this ground.  However, because RW can easily
16 cure this pleading deficiency, the Court concurrently **GRANTS** RW leave to amend.  The Court
17 declines to address any of Ecodyne's remaining arguments at this time.

## V.  CONCLUSION

19 For the reasons set forth above, the Court **GRANTS** Ecodyne's Motion to Dismiss with leave
20 to file a Second Amended Complaint no later than August 19, 2011.  The remainder of Ecodyne's
21 Motion is **DENIED WITHOUT PREJUDICE**.

22 **IT IS SO ORDERED.**

24 Dated: August 3, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge