UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH,<br><br>                Plaintiff,<br>   v.<br>ECODYNE CORPORATION, *et al.*,<br>                Defendants.<br>_____/ | No. C 10-5105 MEJ<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**Re: Dkt. No. 53)** |

In 2010, Plaintiff Northern California River Watch (River Watch) sent a notice pursuant to the federal Resource Conservation and Recovery Act (RCRA) to Defendant Ecodyne Corporation and other defendants (including the previous owner of Ecodyne's property, Fluor Corporation), alleging violations of the RCRA. After the 90-day statutory waiting period of the RCRA expired for the notice, River Watch initiated this action against Ecodyne and Doe defendants, but not Fluor. River Watch now comes before the Court seeking permission to file a third amended complaint that specifically names Fluor as a defendant. River Watch argues that it recently learned through discovery that it also has claims against Fluor, and it has outlined these new claims in a notice sent to the company on August 1, 2012.[1] In its motion, River Watch concedes that even if the Court grants it permission to name Fluor in its third amended complaint, it will still ask for leave to file a fourth amended complaint against both Ecodyne and Fluor based on the new allegations contained in the August 1 notice — something that River Watch cannot do now because the RCRA's 90-day waiting period has not yet expired. River Watch explains that it only filed the motion for leave to amend at this juncture because the Court's case management order set November 15, 2012 as the deadline to amend any pleadings.

---

[1] This notice, which contained River Watch's new allegations, was also sent to Ecodyne.

1    However, the 90-day statutory waiting period for River Watch's notice expires on November
2 8, 2012, leaving River Watch with enough time to file a complete version of its motion for leave to
3 amend before the November 15 cutoff.  The Court finds that evaluating a full version of River's
4 Watch proposed amendments is more efficient than addressing such issues on two separate occasions,
5 particularly because it is not clear at this point what new allegations River Watch will plead against
6 both Ecodyne and Fluor.  Accordingly, River Watch's motion for leave to file a third amended
7 complaint (Dkt. No. 53) is DENIED WITHOUT PREJUDICE.  If River Watch wishes to name Fluor
8 as a defendant in this matter and amend its allegations pursuant to the notice it sent out on August 1,
9 2012, it should file such a motion after the 90-day statutory waiting period expires and before
10 November 15, 2012.[2]  The Court will then evaluate the issues raised by River's Watch's proposed
11 amendments.

12    If River Watch does move for leave to amend, the Court notes that it should specifically
13 explain in its motion how it discovered that it had claims against Fluor in this lawsuit, when this
14 discovery took place, and why it could not have discovered such information earlier.  River Watch's
15 moving papers should also explain whether it plans to name any other Doe defendants in its lawsuit.
16 Along with its motion, River Watch should file a red-lined version of its third amended complaint
17 that highlights any proposed amendments when compared to its second amended complaint.

18    **IT IS SO ORDERED.**

19

20 Dated: September 12, 2012                                         _____
21                                                                                        Maria-Elena James
                                                                                             Chief United States Magistrate Judge
22

23

24

25

26 _____

27    [2] If River Watch cannot file a motion for leave to amend by November 15, 2012, it can ask
28 the Court for additional time pursuant to Civil Local Rule 6-1(b).