UNITED STATES  DISTRICT COURT

Northern District of California

NORTHERN CALIFORNIA RIVER
WATCH,

                            Plaintiff,

      v.

ECODYNE CORPORATION,

                        Defendant.

_____/

No. C 10-5105 MEJ

**ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT
[Dkt. No. 63]**

## I.  INTRODUCTION

Pending before the Court is Plaintiff Northern California River Watch's ("River Watch") Motion for Leave to File Third Amended Complaint adding Fluor Corporation as a defendant in this action.  Dkt. No. 63. Defendant Ecodyne has filed an Opposition (Dkt. No. 64), to which River Watch filed a Reply (Dkt. No. 66).  Because the Court finds this matter suitable for disposition based on the parties' written submissions, the Court previously vacated the hearing set for January 10, 2013.  Civil L. R. 7-1(b).  After carefully considering the parties' arguments and controlling authorities, the Court **GRANTS** River Watch's Motion.

## II.  BACKGROUND

On November 10, 2011, River Watch filed this lawsuit pursuant to the federal Resource Conservation and Recovery Act ("RCRA") and the federal Clean Water Act ("CWA") against Ecodyne, alleging that Ecodyne violated various provisions of these statutory schemes with respect to a site located on a portion of the Shiloh Industrial Park in Windsor, California (the "Site").  After Ecodyne moved to dismiss the Complaint, River Watch filed its First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1), which the Court permitted even thought it was filed outside the 21-day period prescribed by Rule 15(a).

*UNITED STATES DISTRICT COURT*
*For the Northern District of California*

Ecodyne thereafter moved to dismiss River Watch's First Amended Complaint, which the Court granted in part and denied in part.  Dkt. No. 46.  In particular, the Court found that River Watch could not simply incorporate by reference allegations in the RCRA and CWA notices it had sent to Ecodyne and other polluters to meet the minimum pleading requirements of Rule 8(a), but had to allege specific facts regarding Ecodyne's conduct to support its claims in its complaint.  *Id.* at 4-5. The Court therefore granted Ecodyne's motion, but granted River Watch leave to file an amended complaint curing the pleading deficiencies.  River Watch thereafter filed the operative Second Amended Complaint on August 10, 2011.  Dkt. No. 47.  On August 24, 2011, Ecodyne filed its Answer.  Dkt. No. 48.

Subsequently, on July 26, 2012 River Watch advised Ecodyne that it intended to file another amended complaint adding Fluor as a defendant and sought Ecodyne's consent; Ecodyne, however, declined.  Declaration of Jack Silver ¶ 12, Dkt. No. 63-1.  On August 1, 2012, River Watch served Notices of Violation and Intent to File Suit Under the Clean Water Act and under the Resources Conservation and Recovery Act on Ecodyne and Fluor Corp.  Silver Decl. ¶ 13.  Based on that date of service, the 90-day notice period ended on November 8, 2012.  On August 6, 2012, River Watch moved to amend the complaint to add Fluor Corp. as a defendant.  Dkt. No. 53.  In its motion, River Watch also indicated that even if the Court granted leave to name Fluor in an amended complaint, it intended to seek leave to further amend its complaint based on the new allegations contained in the August 1 Notice, which it could not do at the time it filed its motion because the 90-day notice period had not expired.  Because the Court found that evaluating a full version of River Watch's proposed amendments was more efficient than addressing two separate motions to amend, it denied the motion without prejudice.  Dkt. No. 59.

On November 14, 2012, River Watch filed the instant Motion, seeking leave to file a Third Amended Complaint to add Fluor Corporation as a defendant.

### III.  LEGAL STANDARD

Pursuant to Rule 15(a), afer a plaintiff has filed an amended complaint, the plaintiff may only file a subsequent amended complaint after obtaining the opposing party's written consent or leave of

UNITED STATES DISTRICT COURT
For the Northern District of California

1    court, which should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2); *Hall v. City of*

2    *Los Angeles.*, 697 F.3d 1059, 1073 (9th Cir. 2012).  While the standard for granting leave is generous,

3    *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990), it is not without limits.

4    "The decision of whether to grant leave to amend . . . remains within the discretion of the district

5    court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of

6    the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

7    to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"

8    *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*,

9    371 U.S. 178, 182 (1962)).

10                                      **IV.   DISCUSSION**

11   **A.       Compliance With the Statutory Notice and Delay Requirement**

12           Ecodyne first argues that the August 1, 2012 notice letters cannot invoke the Court's

13   jurisdiction to consider the proposed Third Amended Complaint.  Opp. at 5.  Citing *Proie v. Nat'l*

14   *Marine Fisheries*, 2012 WL 1536756 (W.D. Wash. May 1, 2012), Ecodyne argues that because this

15   lawsuit was already pending at the time River Watch sent the August 2012 notice letters, and the

16   statutory 90-period must be litigation free, the notice letters were invalid and insufficient to confer

17   jurisdiction on the Court to consider proposed amendments.  In *Proie*, after serving a notice of intent

18   to sue the National Marine Fisheries Service (NMFS), the plaintiffs filed a lawsuit under the

19   Administrative Procedures Act, alleging that the NMFS had erred in administering a listing under the

20   Endangered Species Act (ESA).  *Id*. at *1.  After the statutory 60-day notice period applicable to

21   citizen suits under the ESA passed, the plaintiffs amended their complaint to assert a claim directly

22   under the ESA.  *Id*.  The defendants moved to dismiss the lawsuit, arguing that the plaintiffs failed to

23   provide the requisite 60-day notice when they filed their original complaint.  *Id*. at *2.  The plaintiffs,

24   however, argued that the 60-day notice period applied only to the ESA, so the court should not

25   consider the initial complaint to measure whether the notice complied with that requirement, but

26   should measure by the filing date of the amended complaint.  *Id*. at 3.  The trial court rejected this

27   argument, finding that the ESA expressly provided that no action may be commenced until the 60-

28

1   day notice period passed and because the claim in the amended complaint concerned the same

2   conduct, transaction, or occurrence, Rule 15(c)(1)(B) applied, so the amended complaint related back

3   to the date of the original complaint, which the plaintiffs filed before the 60-day period elapsed. *Id*.

4   The trial court also found that, the relation-back rule notwithstanding, because the 60-day period

5   must be a "litigation-free window," the filing of the original complaint which was substantially the

6   same as the later-filed ESA claim violated the "litigation-free" requirement and thereby invalidated

7   the notice. *Id*. at *4. Relying on *Proie*, Ecodyne argues that the 90-day statutory period following

8   River Watch's August 2012 notice letters was never a "litigation-free window," because River Watch

9   continued to pursue this case against it.  Likewise, it argues that the environmental agencies did not

10  have a litigation-free period to consider whether to bring an enforcement action.  It therefore argues

11  that River Watch failed to invoke the Court's jurisdiction over any amendments stemming from the

12  August 2012 notice letters.

13          River Watch counters that this Court has jurisdiction over this matter because it complied

14  with the notice and delay requirements in 2010 after it sent the RCRA and CWA letters to Ecodyne

15  and other polluters and waited until the expiration of 90 days before it filed its initial complaint.  It

16  argues that in August 2012, it followed the same protocol with respect to Fluor, and now that the

17  statutory 90 days has elapsed, it seeks to add Fluor as a defendant; it does not seek to add any new

18  claims against Ecodyne.  Thus, it contends that *Proie* is inapplicable because the proposed TAC here

19  contains no additional requests for relief against Ecodyne, and Fluor has had a litigation-free notice

20  period.  Reply at 4.  Further, it argues that in *Zands v. Nelson*, 779 F. Supp. 1254, 1260-61 (S.D. Cal.

21  1991), the trial court considered whether the RCRA § 6972(a)(1)(B) notice requirements mandated a

22  non-adversarial period for amending the complaint, and held that there is no statutory basis for such

23  requirement.

24          The Court agrees with River Watch that the 2010 notice letters and expiration of the 90-day

25  statutory period is sufficient to confer jurisdiction over this matter as to the claims asserted against

26  Ecodyne.  Because River Watch did not seek to amend its pleading to add Fluor until after serving the

27  required notices in August 2012 and waiting until the expiration of the statutory 90-day period, River

28

UNITED STATES DISTRICT COURT
For the Northern District of California

4

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Watched also satisfied the notice and delay requirement with respect to Fluor.  Moreover, as River

2   Watch points out, because it complied with the notice and waiting period requirements, it could file a

3   separate action against Fluor and seek to have the case consolidated with the instant action.  Seeking

4   to amend its pleading accomplishes the same result.  Accordingly, the Court rejects Ecodyne's initial

5   challenge.

6          The Court therefore turns to the *Foman* factors.

7   **B.      *Foman* Factors**

8          As indicated above, because courts are to grant leave to amend with "extreme liberality," once

9   the moving party demonstrates a reason why amendment is required, the burden shifts to the

10  opposing party to convince the court that "justice" requires denial.  *See AF Holdings LLC v. Doe*,

11  2013 WL 97755, at *4 (N.D. Cal. Jan. 7, 2013) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d

12  183, 187 (9th Cir. 1987)).  The Court will generally grant leave to amend unless the defendant

13  demonstrates that amendment: (1) will result in undue delay; (2) is motivated by bad faith or dilatory

14  motive; (3) follows the plaintiff's repeated failure to cure deficiencies after previous amendments; (4)

15  will unduly prejudice the defendant; or (5) would be futile.  *Foman*, 371 U.S. at 182.  The Court will

16  evaluate each factor in turn.

17          1.      Undue Delay

18          In assessing whether a plaintiff unduly delayed in seeking to amend its complaint, the Court

19  examines whether the plaintiff "knew or should have known the facts and theories raised by the

20  amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1388 (9th Cir.

21  1990).  "Late amendments to assert new theories are not reviewed favorably when the facts and the

22  theory have been known to the party seeking amendment since the inception of the cause of action."

23  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (quoting *Acri v. Int'l Ass'n of Machinists*, 781

24  F.2d 1393, 1398 (9th Cir. 1986)).

25          River Watch filed this action in November 2010.  Its request for leave to amend filed in

26  August 2012 thus came nearly two years after it initiated this lawsuit.  River Watch explains that

27  based on the information it had received from Fluor in June 2010, it did not believe there was any

28

basis to name Fluor as a defendant.  Mot. at 4.  According to River Watch, in July 2012, after

entering into a document-sharing agreement with the owners of the Site (The Shiloh Group), it

received a copy of testing results from February 2012 which "strongly implicated" Fluor as the

source of lead contamination at the Site.  *Id.*  River Watch also entered into a document-sharing

agreement with M&M Services – a lessee on the Site – which provided documents showing the use

of teepee burners by Fluor on the Site and extensive process areas outside of currently investigated

regions of the Site identified in prior reports.  *Id.*  According to River Watch, "[n]o publically

available documents or documents provided by Fluor Corporation or Ecodyne mentioned the use of

teepee burners on the Site," or the process areas other than those being currently investigated or

remediated.  *Id.* at 5.  Having discovered this information, River Watch then served updated RCRA

and CWA notice letters on Fluor and Ecodyne.

Ecodyne, however, disputes that River Watch lacked sufficient information for it to decide

whether to name Fluor as a defendant earlier in this action.  Opp. at 7.  Particularly, Ecodyne argues

that it produced thousands of documents, including Fluor's 1989 Consent Order, which it points out

is a public record which was available to River Watch at the time it filed this lawsuit.  *Id.* at 7-8.

The Court has considered the parties' arguments and finds that River Watch has made a

sufficient showing that its decision to name Fluor came after it received test results directly

implicating Fluor in the Site contamination and revealing Fluor's use of teepee burners.  Because

River Watch sought to amend its pleading within a month after receiving such information, there is

no evidence of undue delay.  This factor thus weighs in favor of allowing leave to amend.

2.  <u>Bad Faith or Dilatory Motive</u>

The next factor the Court examines is whether River Watch's request for leave to amend is

motivated by bad faith or dilatory motive.

Ecodyne charges that River Watch's repeated amendments over the course of this litigation

evince bad faith litigation tactics.  *Id.* at 7.  Particularly, Ecodyne argues that River Watch previously

sent its notice of violation letter with respect to RCRA to Ecodyne and Fluor, but chose not to sue

Fluor.  *Id.*  It contends that now two years later, River Watch is attempting to undo that decision and

UNITED STATES DISTRICT COURT
For the Northern District of California

1    thereby disrupting the progress of this lawsuit. *Id*. Thus, Ecodyne asserts that River Watch is simply

2    "engaging in a strategic ploy to make the litigation more burdensome and force [Ecodyne] to incur

3    unnecessary expense." *Id*. at 8.

4          River Watch maintains that its successive amendments to the complaint were not done in bad

5    faith, but have been an attempt to refine the issues based on updated discovery and the Court's prior

6    rulings and instructions regarding the sufficiency of its allegations.  Reply at 6.  River Watch

7    reiterates that its decision to name Fluor came after it received testing results in July 2012 indicating

8    that prior operations by Fluor are the source of contamination outside of the Pond and Tower sites

9    and the use of teepee burners by Fluor on the Site. *Id*. at 7-8.

10         The Court has considered the parties' arguments and finds that while River Watch's

11   successive amendments to its complaint have certainly complicated the progress of this matter, there

12   is no evidence that River Watch's amendments or its current request for leave to amend are taken in

13   bad faith or in an effort to stall the case.  Moreover, River Watch requested leave to amend within the

14   deadline for amendments to pleadings set in the Court's Scheduling Order.  Thus, this factor militates

15   in favor of granting leave to amend.[1]

16         3.    Undue Prejudice

17         The Court next must assess whether allowing River Watch to amend its complaint will unduly

18   prejudice Ecodyne.  In its Opposition, Ecodyne asserts that allowing River Watch to file the proposed

19   Third Amended Complaint "will only further create disorder and confusion to the detriment of

20   Ecodyne," and will increase its costs to defend this lawsuit by requiring a new round of

21   interrogatories and document requests to attempt to distinguish which allegations are applicable to

22   Ecodyne as opposed to Fluor.  Opp. at 11.  Particularly, Ecodyne contends that it must now seek

23   discovery regarding operations on the property never engaged in by Ecodyne. *Id*.

24         In response, River Watch argues that Ecodyne's representations that it must undertake

25

26         [1] Ecodyne also argues that "discovery has revealed numerous questionable associations that
     throw into doubt [River Watch's] bona fide interest in the environment as distinct from the
27   economic interests of its members and counsel."  The Court fails to see how these allegations impact
     whether River Watch may add a new defendant to this lawsuit.
28

1   additional discovery are disingenuous because it previously spent years in litigation with Fluor over

2   the Site and both parties were represented by the same attorneys.  Reply at 9.  Further, River Watch

3   argues that the delay and additional expense involved with adding a defendant does not amount to

4   prejudice to warrant denial of leave to amend.  *Id*.

5          The Court agrees with River Watch.  Although allowing River Watch to add a new defendant

6   will require additional discovery, this is an inherent cost in multi-party litigation.  The Court thus

7   finds that this factor supports granting leave to amend.

8          4.    Futility of Amendment

9          The fourth factor the Court considers is whether the proposed amendments would be futile.

10  Generally, the Court may deny leave to amend if the proposed amendment is futile or would be

11  subject to dismissal.  *See Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir.

12  2011).  However, before the close of discovery, a proposed amendment is futile only if its is "clear . .

13  . that the complaint could not be saved by any amendment."  *Krainski v. State of Nev. ex rel. Bd. of*

14  *Regents of Nev Sys. of Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010) (quoting *Thinket Ink Info. Res.,*

15  *Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).  Here, Ecodyne charges that,

16  "[a]s with all of [River Watch's] prior pleadings, the [proposed Third Amended Complaint] is a

17  prime candidate for a motion to dismiss by Ecodyne, Fluor, or both, for failure to sufficiently plead

18  its claim in such a way to give the Defendants fair notice of what the claim is and the grounds upon

19  which it rests."  Opp. at 12.  Specifically, it argues that the proposed Third Amended Complaint's

20  allegations are directed to both Defendants, without distinguishing between them, making it unclear

21  which defendant is the subject of the new allegations.  *Id*.  River Watch counters that the proposed

22  Third Amended Complaint contains even more specificity than the Second Amended Complaint, to

23  which Ecodyne filed its Answer, and describes the history of activities at the Site by Fluor and

24  Ecodyne with particularity.  Reply at 9.  The Court has carefully considered Ecodyne's challenge and

25  has reviewed the proposed Third Amended Complaint and finds that for purposes of the instant

26  motion, Ecodyne has failed to establish that the claims would be subject to dismissal under Rule 8(a)

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1   or 12(b)(6).[2]

2         5.        Repeated Failure to Cure Deficiencies by Amendments Previously Allowed

3         The fifth and final factor the Court considers is whether the plaintiff has previously been

4   granted leave to amend but failed to correct deficiencies in the complaint.  Ecodyne asserts that River

5   Watch has twice filed amended complaints – one without leave of court and one with leave to correct

6   deficiencies in its Second Amended Complaint.  Opp. at 13.  Ecodyne argues that River Watch has

7   thereby "demonstrated a repeated failure to proceed in accordance with rules or to cure deficiencies

8   by amendments previously allowed."  *Id*.  Ecodyne also argues that River Watch's inclusion of doe

9   defendants and statement in its motion that "it would be imprudent to rule out the possibility that

10  additional responsible parties will emerge in the course of discovery" suggests that River Watch "will

11  continue to remold its litigation at its own pace and whim, without regard to the proper administration

12  of litigation."  *Id*.

13        River Watch responds that there is no history of it repeatedly failing to follow the Court's

14  directions to cure defective pleadings.  Reply at 10.  Rather, it asserts that its prior amendments were

15  to refine the issues in this litigation and to correct the deficiencies outlined in the Court ruling on the

16  motion to dismiss.  *Id*.  River Watch also argues that its inclusion of doe defendants is not done in bad

17  faith, but reflects "the customary exercise of prudence in complex litigation of this nature."  *Id*.

18        As the procedural history of this case illustrates, River Watch's complaint has been a moving

19  target.  However, while River Watch has had several attempts to firm-up its pleading, the Court

20  cannot say that River Watch is not entitled to one last opportunity to amend its pleading to include a

21  defendant who may be liable for the contamination at issue in this matter.  The Court therefore finds

22  that this factor supports leave to amend.

23

24

25

26

27        [2]  This finding is based on Ecodyne's Opposition.  Ecodyne is not precluded from filing a
    motion reasserting its challenges with fully-developed arguments and citations to the parts of the
28  Third Amended Complaint it believes are deficient.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**V.   CONCLUSION**

1

2       Taken together, the Court finds each of the foregoing factors militates in favor of granting

3   River Watch leave to amend.  River Watch timely requested leave to amend after obtaining

4   information implicating Fluor in the contamination at issue in this case.  Although adding a new

5   defendant may result in additional discovery and increased expense for Ecodyne and may slightly

6   protract this litigation, there is no evidence that River Watch is pursuing the amendment in bad faith

7   or to purposely delay resolution of this case.  Finally, although River Watch is now on its Third

8   Amended Complaint, there is nothing suggesting that the amendments sought are futile or vain

9   attempts to cure deficiencies previously highlighted by the Court.  Accordingly, the Court **GRANTS**

10  River Watch's Motion for Leave to File its Third Amended Complaint (Dkt. No. 63).  River Watch

11  shall file its proposed Third Amended Complaint no later than January 16, 2013.

12      River Watch should be mindful that it has now been over two years since it filed this case.

13  River Watch has thus had ample opportunity to discover facts and potential party defendants.  Any

14  future requests for leave to amend will be analyzed against that backdrop.

15      **IT IS SO ORDERED.**

16

17  Dated: January 14, 2013

18                                          _____
                                            Maria-Elena James
19                                          United States Magistrate Judge

20

21

22

23

24

25

26

27

28