UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH,<br><br>    Plaintiff,<br><br>    v.<br><br>ECODYNE CORPORATION, FLUOR CORPORATION, and DOES 1-30 Inclusive,<br><br>    Defendants.<br>_____/ | No. C 10-05105 MEJ<br><br>**ORDER RE DEFENDANT FLUOR CORPORATION'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [Dkt. No. 81]** |

## I. INTRODUCTION

Plaintiff Northern California River Watch ("RW") brings this action pursuant to the federal Resource Conservation and Recovery Act[1] ("RCRA") and the federal Clean Water Act[2] ("CWA") against Defendants Ecodyne Corporation, Fluor Corporation, and unnamed defendants, alleging numerous violations of both statutory schemes. Currently pending before the Court is Fluor's Motion to Dismiss RW's Third Amended Complaint ("TAC") (Dkt. No. 81). Because the Court finds this matter suitable for resolution based on the parties' written submissions, the Court **VACATES** the hearing set for June 12, 2013. *See* Civil L.R. 7-1(b). After careful consideration of the parties' arguments, the Court **GRANTS** Fluor's Motion **IN PART** and **DENIES IT WITHOUT PREJUDICE IN PART**.

---

[1] 42 U.S.C. § 6901 *et seq*.

[2] 33 U.S.C. § 1251 *et seq*.

## II. BACKGROUND

On November 10, 2011, RW filed this lawsuit pursuant to RCRA and CWA against Ecodyne, alleging that Ecodyne violated various provisions of these statutory schemes with respect to a site located on a portion of the Shiloh Industrial Park in Windsor, California (the "Site"). After Ecodyne moved to dismiss the Complaint, River Watch filed its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1).

Ecodyne thereafter moved to dismiss RW's First Amended Complaint, which the Court granted in part and denied in part. Dkt. No. 46. RW thereafter filed its Second Amended Complaint on August 10, 2011. Dkt. No. 47. On August 24, 2011, Ecodyne filed its Answer. Dkt. No. 48.

Subsequently, on July 26, 2012, RW advised Ecodyne that it intended to file another amended complaint adding Fluor as a defendant and sought Ecodyne's consent; Ecodyne, however, declined. On August 1, 2012, RW served Notices of Violation and Intent to File Suit Under the CWA and under the RCRA on Ecodyne and Fluor. Subsequently, on August 6, 2012, RW moved to amend the complaint to add Fluor as a defendant. Dkt. No. 53. In its motion, RW also indicated that even if the Court granted leave to name Fluor in an amended complaint, it intended to seek leave to further amend its complaint based on the new allegations contained in the August 1 Notice, which it could not do at the time it filed its motion because the 90-day notice period had not expired. Because the Court found that evaluating a full version of RW's proposed amendments was more efficient than addressing two separate motions to amend, it denied the motion without prejudice. Dkt. No. 59.

On November 14, 2012, River Watch filed a motion seeking leave to file a Third Amended Complaint adding Fluor Corporation as a defendant. The Court granted RW's motion, and it filed the operative TAC on January 15, 2013. Dkt. No. 73.

In its TAC, RW asserts claims against Defendants for: (1) imminent and substantial endangerment to health or to the environment pursuant to 42 U.S.C. § 6972(a)(1)(B); (2) creating an imminent and substantial endangerment to health or the environment pursuant to 42 U.S.C. § 6972(a)(1)(B) based on open dumping in violation of 42 U.S.C. § 6945(a); and (3) violation of the CWA § 301 (discharge of pollutants from a point source without a NPDES permit – 33 U.S.C. §

1342(a) and (b), 33 U.S.C. 22 1311).

Fluor now moves to dismiss the TAC on several grounds. First, it argues that RW has failed to plead sufficient facts identifying any activities by Fluor resulting in the release, disposal, or discharge of any chemical that has caused any imminent and substantial endangerment to health or the environment in violation of RCRA, or that caused pollutants to enter the waters of the United States in violation of the CWA. Instead, Fluor argues that RW has failed to plead facts regarding *each Defendant's conduct* which RW claims gave rise to statutory violations, but has instead plead speculative and conclusory allegations against all Defendants.

Second, Fluor argues that dismissal is appropriate pursuant to Rule 12(b)(1) because RW failed to satisfy the jurisdictional prerequisites for CWA and RCRA claims.

Third, Fluor argues that the Site is currently under the jurisdiction of two California environmental regulatory agencies – the Regional Water Quality Control Board (as to Ecodyne) and the California Department of Toxic Substances Control ("DTSC") (as to Fluor). It therefore contends that dismissal is appropriate under the doctrine of primary jurisdiction to avoid interfering with DTSC's ongoing investigation over Fluor's investigation and remediation of the Site.

### III. LEGAL STANDARDS

**A. Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.,* at 555 (internal citations and parentheticals omitted). In

1 considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the
2 light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences
3 are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy*
4 *Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

5    If the court dismisses the complaint, it should grant leave to amend even if no request to
6 amend is made "unless it determines that the pleading could not possibly be cured by the allegation of
7 other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe,*
8 *Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B.    Federal Rule of Civil Procedure 12(b)(1)**

Pursuant to 12(b)(1), a party may raise a challenge to the existence of subject matter jurisdiction over a case. A challenge to subject matter jurisdiction may be either facial or factual. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). In a facial challenge, the moving party contends that, even accepting all of the allegations in the plaintiff's complaint as true, the plaintiff has failed to establish that the court has jurisdiction over the claims. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, however, the moving party may submit affidavits or other evidence disputing the allegations in the complaint that purportedly provide the basis for jurisdiction. *Id.* The nonmoving party must then present evidence sufficient to meet its burden of establishing subject matter jurisdiction. *Id.* A court may consider evidence outside the complaint without converting a Rule 12(b)(1) motion into a motion for summary judgment. *Id.* However, just as in a motion for summary judgment, all disputes of fact will be resolved in favor of the non-movant. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997).

**IV.    DISCUSSION**

As indicated above, Fluor raises numerous challenges to the sufficiency of the allegations in RW's TAC. The chief deficiency Fluor highlights is that RW has failed to parse out what conduct by which Defendant (namely, Ecodyne or Fluor) forms the basis of each of its claims. As a result, the Court agrees with Fluor that determining whether RW has stated RCRA and CWA claims that satisfy

the plausibility standard is not possible based on the current state of the TAC. The Court also notes that on June 11, 2013, RW and Ecodyne filed a stipulation of dismissal of Ecodyne as a defendant in this action. Dkt. No. 103. Thus, to the extent the TAC contains allegations that are strictly about Ecodyne's conduct, such allegations are now superfluous and only hinder the Court's ability to determine whether RW has set forth sufficient allegations *as to Fluor* to proceed with its claims. Accordingly, because the Court finds Fluor's arguments regarding the lack of specificity in RW's TAC to be well-taken, the Court **GRANTS** its Motion to dismiss the TAC, and concurrently, **GRANTS** RW leave to file a Fourth Amended Complaint. The Court admonishes RW that it is disinclined to grant any further leave to amend its pleading after this point. This action has been pending for over two years and has yet to pass the initial pleading stage. Now that the case has been narrowed to one named defendant, RW has no excuse but to set forth its allegations as to Fluor with clarity.

With respect to Fluor's remaining arguments pertaining to the subject matter jurisdiction, the Court finds that because the arguments in many instances turn on the what conduct RW alleges violate the RCRA and the CWA – which, as discussed above, remains unclear at this juncture – the Court finds that it is prudent to defer ruling on these challenges until after RW amends its pleading to limit it to its claims against Fluor. The Court therefore **DENIES** Fluor's Motion in all other respects **WITHOUT PREJUDICE** to Fluor reasserting its challenges after RW files its Fourth Amended Complaint.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Fluor's Motion to Dismiss (Dkt. No. 81) **IN PART** and **DENIES** the Motion **IN PART** as follows:

The Court **GRANTS** Fluor's Motion to dismiss RW's Third Amended Complaint pursuant to 12(b)(6) based on the pleading deficiencies. The dismissal is **WITHOUT PREJUDICE** and the Court **GRANTS** RW leave to file a Fourth Amended Complaint no later than July 3, 2013.

The Court **DENIES** Fluor's remaining arguments **WITHOUT PREJUDICE** to Fluor reasserting them after RW files is amended pleading.

**IT IS SO ORDERED.**

Dated: June 12, 2013

_____
Maria-Elena James
United States Magistrate Judge