UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Northern California River Watch, a 501(c)(3) non-profit Public Benefit Corporation,**<br><br>　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**Fluor Corporation, a corporation, and DOES 1-30, inclusive,**<br><br>　　　　　　　**Defendants,**<br><br>**The Shiloh Group, LLC, a California limited liability company,**<br><br>　　　　　　　**Intervenor/Plaintiff,**<br><br>　　v.<br><br>**Fluor Corporation, a corporation, and DOES 31-60, inclusive,**<br><br>　　　　　　　**Defendants.** | Case No. 10-cv-05105-WHO<br><br>**ORDER GRANTING FLUOR'S MOTION TO DISMISS INTERVENOR COMPLAINT; GRANTING REQUEST TO STRIKE ATTORNEYS' FEES**<br><br>Re: Dkt. No. 153 |

## INTRODUCTION

Intervenor/plaintiff The Shiloh Group LLC ("TSG") has filed a complaint in intervention (the "Intervenor Complaint") against defendant Fluor Corporation, seeking damages and other relief necessitated by Fluor's contamination of TSG's property. Fluor moves to dismiss part of the first cause of action for contribution for cleanup costs under CERCLA and the seventh cause of

action for injunction and to strike TSG's requests for attorneys' fees.[1]  Dkt. No. 153.

Pursuant to Local Rule 7-1(b), this matter is suitable for determination without oral argument and I vacated the hearing scheduled for October 1, 2014.  Fluor's motion is GRANTED.  TSG conceded in its opposition that its first and seventh causes of action are not properly stated, so the only question remaining is whether to strike TSG's requests for attorneys' fees.  Because TSG has not stated causes of action under which it would be entitled to attorneys' fees, the fees requests are STRUCK.

## BACKGROUND

The Intervenor Complaint relates to the underlying lawsuit in this action between Northern California River Watch and Fluor arising from Fluor's industrial use between 1953 to 1972 of real property located in Windsor, California.  *See* Fourth Amended Compl. (Dkt. No. 106).[2]  River Watch filed suit against Fluor under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq*. and the Clean Water Act, 33 U.S.C §1251 *et seq*., alleging that Fluor spilled chemicals that contaminated the soil of the property.  *Id*.  ¶¶ 1-3, 5-9.  TSG purchased a portion of the property in 1999.[3]  Intervenor Compl. ¶ 20.  At that time, TSG was aware that Fluor was in the process of cleaning up an area that lies on the property, known as the "Pond Site," pursuant to an order issued by the California Department of Toxic Substances Control in 1989.  *Id*.  The Pond Site shows levels of lead and other contamination.  *Id.* ¶ 13.  TSG believes that Fluor caused the contamination at the Pond Site.  *Id.*

TSG alleges that in late 2011 a Regional Water Quality Control Board employee detected lead and other metals at elevated levels in storm water exiting a concrete lined ditch that forms the western boundary of the TSG property.  *Id*. ¶¶ 13-15.  The Water Board "urged" TSG to promptly

---

[1] Fluor moved to dismiss or, in the alternative, to strike the attorneys' fees. Because the fees requests do not comprise any one cause of action, a motion to strike is the appropriate vehicle to address them.

[2] See Order Re Mot. to Dismiss FAC for a complete history of the River Watch and Fluor matter. Dkt. No. 138.

[3] TSG owns 28 acres of the 50 acres of real property that Fluor operated between 1953 and 1972. Intervenor Compl. ¶¶ 2, 12.

clean up the ditch. *Id* ¶ 24. The cleanup cost TSG over $117,000. *Id*. TSG requested reimbursement from Fluor and Fluor refused. *Id.* ¶ 25. TSG's environmental consultant conducted tests in June 2013 that showed elevated lead levels in multiple locations. *Id.* ¶¶ 29-30. TSG provided these test results to Fluor who did not provide TSG with any evidence that the lead came from some other source. *Id* ¶ 30.

TSG filed this Intervenor Complaint on July 30, 2014, alleging seven causes of action: (i) contribution for cleanup costs incurred under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et. seq.*; (ii) contribution for cleanup costs incurred under the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health & Safety Code § 25363(e); (iii) negligence; (iv) trespass; (v) private nuisance; (vi) declaratory relief; and (vii) injunction. Dkt. No. 147.

## LEGAL STANDARD

### I. MOTION TO DISMISS (RULE 12(b)(6))

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement. There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

1   2008).

2   If the court dismisses the complaint, it "should grant leave to amend even if no request to
3   amend the pleading was made, unless it determines that the pleading could not possibly be cured
4   by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making
5   this determination, the court should consider factors such as "the presence or absence of undue
6   delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,
7   undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport
8   Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

## II. MOTION TO STRIKE (RULE 12(f))

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues before trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted).

## DISCUSSION

### I. TSG CONCEDES THAT IT CANNOT STATE CLAIMS FOR NATURAL RESOURCE OR PROPERTY DAMAGE UNDER CERCLA (FIRST CAUSE OF ACTION)

Under CERCLA, only the United States Government, a State, or an Indian tribe have standing to sue for "damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release." 42 U.S.C. §§ 9607(A)(C), (F)(1). In addition, damages in the form of diminished property values are not recoverable under CERCLA § 107(a) because diminished property values are not costs of a removal or remedial action. *See* 42 U.S.C. § 9607(A)(B) (CERCLA violators liable for "necessary costs of response incurred by any other person consistent with the national contingency plan"); *Wehner v. Syntex Corp.*, 681 F. Supp. 651, 653 (N.D. Cal. 1987) ("Economic damages for loss of property are not covered by the statute.").

In its opposition, TSG concedes that it lacks standing to assert a claim for natural resource

damage and, separately, that loss in property value is not recoverable. *See* Opp. at 2. TSG argues that it can, however, state a CERCLA claim under 42 U.S.C. § 9607(a)(B) for recovery of the $117,000 it incurred for the removal of contaminated material from the property. Opp. at 5. Fluor appears to agree, as it does not challenge the claim for cost recovery in the first cause of action. *See, e.g.,* Mot. at 12 ("Fluor respectfully requests that the Court dismiss, with prejudice, TSG's claims *for natural resource and property damages* in its First Cause of Action.") (emphasis added). TSG's claims for natural resource and property damages in its first cause of action are STRUCK WITHOUT LEAVE TO AMEND. The first cause of action survives with respect to TSG's claim for cleanup costs.

## II. INJUNCTION IS NOT A CAUSE OF ACTION (SEVENTH CAUSE OF ACTION)

In its opposition, TSG concedes that "[i]njunctive relief is not a separate private cause of action under CERCLA or state law." Opp. at 2. TSG's cause of action for injunctive relief is DISMISSED WITHOUT LEAVE TO AMEND.

## III. REQUESTS FOR ATTORNEYS' FEES

In its complaint, TSG seeks attorneys' fees in connection with each of its remaining causes of action: (i) recovery of cleanup costs under CERCLA; (ii) contribution for cleanup costs under HSAA; (iii) negligence; (iv) trespass; (v) private nuisance; and (vi) declaratory relief. But in its opposition brief, TSG concedes that it is not entitled to attorneys' fees in connection with its CERCLA, state tort, or federal declaratory relief causes of action.[4] Opp. at 2. However, TSG contends that it may seek attorneys' fees pursuant to California's "private attorney general" statute should it prevail on its HSAA or state declaratory relief causes of action. TSG also argues that it may be able to assert a CERCLA "citizens' suit," in which case it may be entitled to attorneys'

---

[4] Under the American Rule, a prevailing party is generally not entitled to attorney's fees unless (i) fee awards are expressly authorized by statute; (ii) a plaintiff's efforts have created a common fund for a class or for others; (iii) a plaintiff's efforts have created a nonmonetary common benefit for a class represented by a defendant who is a fiduciary or representative for the class; or (iv) when a party has acted in bad faith, has disobeyed a court order, or has otherwise engaged in sanctionable conduct. *See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 245-57 (1975); *see generally* 1 Richard M. Pearl, California Attorney Fee Awards § 1:3 (3d ed. 2014).

fees. I address each argument in turn.

### A. Fees under Code of Civil Procedure § 1021.5

California's "private attorney general" statute, Code of Civil Procedure Section 1021.5, provides that

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if:
>
> (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons,
>
> (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and
>
> (c) such fees should not in the interest of justice be paid out of the recovery, if any.

CAL. CIV. PROC. CODE § 1021.5.

TSG argues that it may be entitled to attorneys' fees under Section 1021.5 if it prevails on its HSAA or state declaratory relief causes of action. *See* Opp. at 2-4. However, Section 1021.5 fees "are not part of the underlying cause of action, but are incidents to the cause and are properly awarded after entry of a judgment." *Snatchko v. Westfield LLC*, 187 Cal. App. 4th 469, 497 (2010), as modified on denial of reh'g (Sept. 3, 2010) (internal citation and punctuation omitted). Indeed, "[t]here is no requirement that the intent to seek attorney fees under section 1021.5 must be pleaded in the underlying action." *Id*. Accordingly, TSG's HSAA and declaratory relief causes of action do not themselves give rise to TSG's potential entitlement to attorneys' fees and the requests is properly STRUCK from the complaint. As noted, however, whether or not TSG pleads Section 1021.5 in its complaint has no bearing on whether TSG may ultimately be able to recover attorneys' fees under Section 1021.5.

### B. Fees under CERCLA citizens' suit

CERCLA authorizes any person to bring a "citizens' suit" against any party "alleged to be in violation of any . . . order which has become effective pursuant to [CERCLA]." 42 U.S.C. §

1  9659(a)(1).

TSG asserts that if the California Department of Health Services's 1989 order, under which Fluor is cleaning up the property at issue, "became effective" pursuant to CERCLA, then "TSG will have a CERCLA citizens' suit," in which case it may be entitled to attorneys' fees. Opp. at 4. TSG states that it "has not yet found sufficient support for the allegation that the Order is within the scope of [CERCLA]," but "if it TSG [sic] finds that support . . . TSG will seek leave to amend its complaint further to assert such a citizens' suit." *Id*.

TSG's speculation that it may at some point seek leave to assert a citizens' suit has no bearing on the issues presently before me. The operative complaint does not assert a CERCLA citizens' suit and TSG concedes that it is not entitled to recover attorneys' fees in connection with the CERCLA claim which is alleged in the operative complaint, the claim for costs recovery.

## CONCLUSION

Fluor's motion to dismiss and/or strike is GRANTED. TSG's claims for natural resource and property damages under CERCLA (first cause of action) are STRUCK and its cause of action for injunctive relief (seventh cause of action) is DISMISSED WITHOUT LEAVE TO AMEND. TSG's requests for attorneys' fees are STRUCK, without prejudice to its ability to move for fees at a later time pursuant to California Code of Civil Procedure § 1021.5, if appropriate.

If TSG desires to file an amended complaint,[5] it shall seek leave to do so within 20 days of this order.

**IT IS SO ORDERED**.

Dated: October 2, 2014



WILLIAM H. ORRICK
United States District Judge

---

[5] TSG states that it "requests leave to file herein an amended complaint that (a) omits erroneous matters identified by Fluor's motion, and (b) articulates those claims that are presently warranted by the facts available to TSG." Opp. at 2.