UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLUOR CORPORATION,<br><br>　　　　Defendant. | Case No.  10-cv-05105-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 168 |

## INTRODUCTION

Intervenor/plaintiff The Shiloh Group LLC ("TSG") has filed a complaint in intervention against defendant Fluor Corporation, alleging that Fluor's contamination of TSG's property entitles TSG to relief under various environmental laws and tort causes of action. Dkt. No. 147. In accordance with my order granting Fluor's motion to dismiss TSG's intervenor complaint, TSG moves for leave to file an amended complaint. TSG's motion is GRANTED IN PART and DENIED IN PART. As discussed at the oral argument and set forth below, TSG's proposed amended complaint suffers from various defects. TSG may file a second amended complaint that addresses those defects, consistent with the discussion below.

## BACKGROUND

TSG filed the present intervenor action on July 30, 2014, alleging seven causes of action:

(i)　　contribution for cleanup costs and natural resource and property damage under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et. seq.*;

(ii) contribution for cleanup costs incurred under the Carpenter-Presley-Tanner Hazardous Substance Account Act[1] ("HSAA"), California Health & Safety Code § 25363(e);

(iii) negligence;

(iv) trespass;

(v) private nuisance;

(vi) declaratory relief; and

(vii) injunction.

Dkt. No. 147. TSG also sought attorneys' fees for its causes of action.

On October 2, 2014, I granted Fluor's motion to dismiss and/or strike. Dkt. No. 165. I dismissed TSG's claims for natural resource and property damages under CERCLA within the first cause of action[2] and TSG's cause of action for injunctive relief in its seventh cause of action. I also struck TSG's requests for attorneys' fees without prejudice to its ability to move for fees at a later time pursuant to California Code of Civil Procedure § 1021.5, if appropriate. Fluor did not seek to dismiss the second through sixth causes of action.

TSG's proposed first amended complaint alleges causes of action for:

(i) recovery of cleanup costs incurred under CERCLA, 42 U.S.C. § 9607(a));

(ii) recovery of cleanup costs incurred under HSAA, Cal. Health & Safety Code § 25363;

(iii) declaratory relief—future response costs, under CERCLA, 42 U.S.C. § 9613(g)(2);

(iv) declaratory relief—future response costs, Cal. Code Civ. Pro. § 1060;

(v) declaratory relief—violations of consent decree, Cal. Code Civ. Pro. § 1060;

(vi) negligence;

(vii) trespass;

(viii) private nuisance.

Dkt. No. 168-2.

---

[1] The Hazardous Substance Account Act is California's version of CERCLA.

[2] TSG's claim for cleanup costs within its first cause of action survived.

2

Fluor opposes TSG's motion for leave to file an amended complaint on the grounds that the causes of action for declaratory relief under state law (fourth and fifth causes of action), trespass (seventh cause of action) and private nuisance (eighth cause of action) are futile. Dkt. No. 171. Fluor also contends that the proposed amended complaint violates my prior order striking Fluor's requests for attorneys' fees, because the proposed amended complaint includes the same request for $117,000 in costs, which includes TSG's attorneys' fees. *Id*.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), leave to amend should be allowed freely "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv—Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir.1986). A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988) (proper test in determining legal sufficiency of a proposed amendment is identical to that used under Rule 12(b)(6)).

**DISCUSSION**

**I. PROPOSED CAUSES OF ACTION FOR STATE LAW DECLARATORY RELIEF (FOURTH AND FIFTH CAUSES OF ACTION)[3]**

**A. Declaratory relief: future response costs (fourth cause of action)**

CERCLA authorizes declaratory judgment on liability for future response costs against a defendant who is liable for cost recovery under CERCLA § 107(a). 42 U.S.C. § 9613(g)(2). TSG's proposed third cause of action, which Fluor does not challenge, seeks such a declaratory judgment. TSG's proposed fourth cause of action seeks declaratory relief of liability for future response costs pursuant to California law, but otherwise appears duplicative of the relief sought

---

[3] Fluor asserts that TSG's claims for declaratory relief should be evaluated under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* which governs declaratory relief in federal actions. Dkt. No. 171 at 2-3. TSG admits that this contention "may have merit" and states that it can amend its claims for declaratory relief in an amended complaint. Fluor is right, so I analyze TSG's claims for declaratory relief under the Federal Declaratory Judgment Act.

3

pursuant to CERCLA under the third cause of action. The fourth cause of action alleges that "[t]he present and actual controversy *described in the third cause of action*, above, is within the scope of California law authorizing issuance of a declaratory judgment." Dkt. No. 168-2 ¶ 46 (emphasis added).

Fluor contends that the fourth cause of action is preempted by CERCLA because it seeks relief authorized by CERCLA. Dkt. No. 171 at 3 (citing *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1007 (9th Cir. 2010) ("Although Colton's complaint referred to the Declaratory Judgment Act rather than CERCLA section 113(g)(2) [42 U.S.C. § 9613(g)(2)], the latter provision clearly governs this initial cost-recovery action.") (citation omitted).

In reply, TSG appears to assert that its fourth cause of action is not preempted by CERCLA because CERCLA, 42 U.S.C. § 9613(g)(2),[4] authorizes declaratory relief in cost recovery actions, not contribution actions, and TSG's fourth cause of action seeks a declaratory judgment of contribution (notwithstanding that its fourth cause of action mirrors its third cause of action under 42 U.S.C. § 9613(g)(2)). Dkt. No. 172 at 3 ("Whereas § 113(g)(2) deals only with cost recovery actions by non-responsible parties, and CERCLA contains no express authorization of declaratory relief as to contribution actions by responsible parties, several courts, including the Ninth Circuit, have had no trouble approving declaratory judgments in that context given the considerable benefits they provide."). In support, TSG cites various cases where courts have authorized declaratory judgments for contribution costs under CERCLA, notwithstanding the absence of express language in CERCLA authorizing such declaratory judgments. For example, in *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000), the Ninth Circuit stated that:

> The statute is silent on whether declaratory judgments are authorized in contribution actions. It does not prohibit them. It is hard to see why it would. CERCLA was intended to encourage quick response and to place the costs on those responsible. Declaratory relief serves these purposes because all parties, like those in this case, will know their share of costs before they are incurred. The more liability can be limited and quantified, the more practical it is for a party to budget and borrow to finance it. Environmental litigation is tremendously complex, lengthy, and expensive. The costs and time

---

[4] 42 U.S.C. Section 9613(g)(2) is CERCLA Section 113(g)(2).

> involved in relitigating issues as complex as these where new costs are incurred would be massive and wasteful. Declaratory relief allocating future costs is therefore consistent with the broader purposes of CERCLA.

At oral argument, counsel for TSG confirmed that its fourth cause of action was mispleaded and that it was intended as the counterpart to its second cause of action (cost recovery under HSAA), rather than its third cause of action (future response costs under CERCLA Section 113(g)(2)). That may be TSG's intention, but the declaratory relief alleged in its proposed fourth cause of action is tied to, and preempted by, CERCLA § 113(g)(2). Accordingly, TSG may file a second amended complaint with a fourth cause of action that seeks declaratory judgment on subjects other than those expressly authorized by CERCLA § 113(g)(2). Fluor will have an opportunity to address that cause of action on a motion to dismiss.

**B. Declaratory relief: violations of consent order (fifth cause of action)**

TSG's proposed fifth cause of action seeks a declaratory judgment that Fluor has violated a consent order issued by the California Department of Toxic Substances Control in 1989 pursuant to the HSAA. Fluor contends that TSG lacks standing to enforce the consent order and, consequently, there is no case or controversy regarding the consent order for which TSG can obtain declaratory relief.

In reply, TSG argues that it has standing because the "inclusion of a citizen suit provision in CERCLA shows that Congress "chose not to place absolute faith in state and federal agencies. It provided for citizen suits to enable affected citizens to push for vigorous law enforcement even when government agencies are more inclined to compromise or go slowly." Dkt. No. 172 at 6-7. TSG contends that while the consent order was issued pursuant to the HSAA, which does not provide for citizen's suits, rather than CERCLA, it nonetheless has standing to seek declaratory judgment of non-compliance with the HSAA consent order because "the statutes are intended to be interpreted consistently."

TSG is mistaken. It is undisputed that the consent order was issued pursuant to the HSAA, not CERCLA. *See* Dkt. No. 168 at 3 (TSG conceding that its initial complaint "fails to acknowledge that the Consent Decree apparently did not 'become effective pursuant to' CERCLA"). CERCLA has a citizen's suit provision; the HSAA does not. TSG was not a party to

5

the consent order. The consent order therefore does not afford TSG any "rights or other legal relations" for which it can seek a declaratory judgment.[5] *See* 28 U.S.C. § 2201 (Federal Declaratory Judgment Act).

TSG's argument that CERCLA and the HSAA are "are intended to be interpreted consistently" is unavailing. CERCLA's citizens suit provision, 42 U.S.C. § 9659, explicitly provides private parties rights and responsibilities that may support a declaratory judgment. In contrast, the HSAA's absence of an analogous provision means that private parties lack analogous rights and responsibilities under the HSAA. Since the consent order at issue was issued pursuant to the HSAA, not CERCLA, TSG lacks standing to seek declaratory relief that Fluor has violated the consent order. The proposed cause of action for declaratory relief for violations of the consent order is DENIED and may not be included in the second amended complaint.

## II. PROPOSED CAUSES OF ACTION FOR TRESPASS (SEVENTH CAUSE OF ACTION) AND PRIVATE NUISANCE (EIGHTH CAUSE OF ACTION)

In its seventh and eighth causes of action, TSG alleges that Fluor's trespass and private nuisance on the property has caused stigma and depreciation damages. Fluor moves to dismiss on the basis that stigma and depreciation damages are only available for *permanent* trespass and a *permanent* nuisance, but TSG has pleaded only *continuing* trespass and a *continuing* nuisance. Fluor further asserts that even if the claims were amended to allege permanent trespass and permanent nuisance, the claims would be barred by applicable three-year statutes of limitation because TSG alleges that it "became the owner of the TSG property" in 1999, "well aware (and in reliance upon) the [consent order] and DTSC's oversight and Fluor's then-pending cleanup." Dkt. No. 162-A ¶ 20. Accordingly, even assuming that TSG did not discover the alleged nuisance and trespass until 1999, the statutes of limitation have long since expired.

In reply, TSG states that these defects "are minimal and can be easily cured by

---

[5] TSG aptly recognized as much in its prior opposition to Fluor's motion to dismiss, stating that "[w]hile a person can sue under HSAA, § 25363, for recovery of past clean-up costs incurred, there is no express provision that authorizes a private person to sue to require a polluter to comply with a cleanup order issued under state law." Dkt. No. 160 at 4 n.2.

amendment." TSG further explains that its "causes of action are not entirely certain" because it is not certain whether Fluor and California Department of Toxic Substances Control will in fact remedy the contamination, in which case the trespass and nuisance would be continuing rather than permanent. TSG does not address the statute of limitations. TSG concludes that it "can and will further amend its complaint herein when and if Fluor files a motion to dismiss same. This does not constitute a valid ground for denial of TSG's motion for leave to amend."

Fluor is correct that the damages TSG alleges—stigma and depreciation—are inconsistent with *continuing* trespass nuisance, which is what TSG has alleged. TSG's causes of action may be "not entirely certain," but it still has to plead causes of action consistent with the damages it alleges so that Fluor can respond. In its second amended complaint, TSG must either (i) allege damages consistent with continuing trespass and nuisance or (ii) if it wishes to allege stigma and depreciation damages, allege *permanent* trespass and nuisance.

### III.   REQUESTS FOR ATTORNEYS' FEES

Fluor contends that TSG has renewed claims for attorneys' fees under its first and second causes of action (CERCLA and HSAA), in violation of my order striking TSG's requests for attorneys' fees in its original complaint. Fluor points out that TSG's initial complaint alleged that its expenses, including attorneys' fees, exceeded $117,000, and that this is the same figure which TSG alleges in its proposed amended complaint.

In reply, TSG states that its proposed amended complaint no longer prays for attorneys' fees incurred in the course of litigating this case. However, TSG asserts that nothing bars it from collecting cleanup costs under CERCLA and HSAA just because those costs happen to be paid to an attorney, for example for locating potentially responsible parties.

TSG is correct. In *Key Tronic Corp. v. United States*, the Supreme Court held that CERCLA plaintiffs cannot recover attorneys' fees incurred in exclusively litigation-related matters, but costs, including attorneys' fees, incurred in connection with a search for other potentially responsible parties, may be recovered. 511 U.S. 809, 819-820 (1994) ("The conclusion we reach with respect to litigation-related fees does not signify that all payments that happen to be made to a lawyer are unrecoverable expenses under CERCLA. On the contrary, some lawyers'

7

work that is closely tied to the actual cleanup may constitute a necessary cost of response[.]"); *see also Sealy Connecticut, Inc. v. Litton Indus., Inc.*, 93 F. Supp. 2d 177, 190 (D. Conn. 2000) ("to be recoverable under CERCLA, fees for an attorney's work must therefore be closely tied to the actual cleanup, must benefit the entire cleanup and not cost allocation or liability shifting, and cannot be primarily protective of the plaintiff's interests").

What TSG's non-litigation attorney costs are in this case, and whether TSG can prove entitlement to them, cannot be determined at this stage. I will not assume, merely because both the original and proposed amended complaint seek the same amount in costs, that the only attorneys' fees incurred by TSG were in connection with this litigation. TSG's second amended complaint may seek cleanup costs paid to an attorney.[6]

**CONCLUSION**

TSG's motion is GRANTED IN PART and DENIED IN PART. TSG may file a second amended complaint consistent with the discussion above and summarized here.

- TSG may allege a fourth cause of action which seeks declaratory judgment on subjects other than those expressly authorized by CERCLA § 113(g)(2).
- TSG's proposed cause of action for declaratory relief for violations of the consent order is DENIED and may not be included in the second amended complaint.
- TSG's causes of action for trespass and nuisance must either (i) allege damages consistent with continuing trespass and nuisance or, (ii) if it wishes to allege stigma and depreciation damages, allege permanent trespass and nuisance.
- TSG's second amended complaint may seek cleanup costs paid to an attorney.

TSG shall file its second amended complaint by December 19, 2014.

**IT IS SO ORDERED**.

Dated: November 25, 2014

WILLIAM H. ORRICK
United States District Judge

---

[6] As noted above, TSG does not seek attorneys' fees in the traditional sense; it seeks cleanup costs which, it contends, were paid to an attorney.

8