UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH,<br><br>    Plaintiff,<br><br>    v.<br><br>FLUOR CORPORATION,<br><br>    Defendant. | Case No. 10-cv-05105-WHO<br><br>**ORDER DENYING WEST COAST METALS'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. No. 181 |
| THE SHILOH GROUP,<br><br>    Intervenor/Plaintiff,<br><br>    v.<br><br>FLUOR CORPORATION,<br><br>    Defendant. | |
| FLUOR CORPORATION,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>THE SHILOH GROUP, WEST COAST METALS, INC., M&M SERVICES, INC.<br><br>    Third-Party Defendants. | |

## INTRODUCTION

Third-party defendant West Coast Metals argues in its motion to dismiss that Fluor Corporation's third-party complaint is barred by res judicata because West Coast Metals previously executed a settlement agreement related to the same environmental contamination

alleged here. Per Civil Local Rule 7-1(b), I find this motion suitable for determination without a hearing and VACATE the hearing set for January 7, 2015. Res judicata does not apply. Fluor was not a party to the settlement agreement and was not in privity with a party to that agreement. West Coast Metals's motion to dismiss the third-party complaint is DENIED.

## BACKGROUND

This lawsuit involves three separate complaints relating to 53 acres of real property located in Windsor, California (the "Site"): the underlying lawsuit, a complaint in intervention, and a third-party complaint.

Plaintiff California River Watch filed a citizen suit against Fluor under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.*, alleging that Fluor created an endangerment to health or to the environment at the Site. Dkt. No. 146 ¶¶ 1-3 (fifth amended complaint).*Id.* ¶¶ 1-3. California River Watch contends that Fluor owned and engaged in operations on the Site from 1955 until 1972. *Id.* ¶ 14 (fifth amended complaint).

Intervenor plaintiff The Shiloh Group is the current owner of 28 of the 53 acres on the Site. The Shiloh Group filed a complaint in intervention against Fluor, seeking contribution for cleanup costs under CERCLA and asserting related claims. Dkt. No. 147 (complaint in intervention).

Fluor then filed a third-party complaint against M&M Services, Inc. and West Coast Metals, Inc., who Fluor alleges are the current industrial operators of the site. Dkt. No. 157 (third-party complaint). Fluor alleges that M&M and West Coast Metals operate recycling facilities on portions of the Site which are a source of the contamination conditions alleged by River Watch. *Id.* ¶ 1.

Third-party defendant West Coast Metals now moves to dismiss Fluor's third-party complaint as barred by res judicata because West Coast Metals previously settled a matter related to the same alleged contamination at issue here. Dkt. No. 181 (motion to dismiss third-party complaint).

## LEGAL STANDARD

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found.*

1  *Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).  "The doctrine is
2  applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3)
3  identity or privity between parties."  *Id.* (citation omitted).

4      "Privity—for the purposes of applying the doctrine of res judicata—is a legal conclusion
5  designating a person so identified in interest with a party to former litigation that he represents
6  precisely the same right in respect to the subject matter involved."  *F.T.C. v. Garvey*, 383 F.3d
7  891, 897 (9th Cir. 2004) (citation omitted).  "Privity is a flexible concept dependent on the
8  particular relationship between the parties in each individual set of cases."  *Id.* (citation omitted).

## DISCUSSION

West Coast Metals argues that Fluor's third-party complaint against West Coast Metals is barred by res judicata because West Coast previously settled a suit brought by the California Sportfishing Protection Alliance relating to the same allegations at issue in Fluor's third-party complaint.  West Coast Metals's argument fails because there is no identity or privity of parties between Fluor and any party to the settlement agreement.

The parties to the settlement agreement in the earlier lawsuit were West Coast Metals and California Sportfishing Protection Alliance, a non-profit public benefit corporation dedicated to the preservation, protection, and defense of the environment, the wildlife, and the natural resources of all waters of California.  *See* Dkt. No. 181-1, Ex. C at 1 (settlement agreement).  California Sportfishing Protection Alliance had filed a citizen suit against West Coast Metals in 2011 to enforce the Clean Water Act.  Dkt. No. 181-1, Ex. A ¶ 1 (Sportfishing complaint).  Their settlement occurred in 2012.  Dkt. No. 181-1, Ex. C.  West Coast Metals asserts that it "has spent well over $70,000.00 to settle the Sportfishing Suit, while also working with regulatory agencies to remediate the property with which it has been affiliated."  Dkt. No. 181 at 5.  West Coast denies Fluor's claims in the present matter and contends that since it "settled the past claims [in the Sportfishing action], as a matter of law Fluor may not commence anew the environmental issues resolved and, indeed, still under the jurisdiction of the Court."  *Id*.

As Fluor points out, however, res judicata does not apply because the Sportfishing suit involved different claims than the present one and Fluor was neither a party to that suit or the

3

resulting settlement, nor was it in privity with a party to the settlement.

It is undisputed that Fluor was not a party to the Sportfishing suit or the settlement. Notwithstanding that pivotal fact, West Coast Metals contends that "Fluor must be considered in privity with Sportfishing [Protection Alliance] in that Fluor, a prior owner of the site has a prior succession interest in the property which is the subject of both its and Sportfishing's claims against West Coast." Dkt. No. 189 at 2. West Coast Metals is wrong. Fluor is a corporation that, apparently, has had no ownership or operating interest in the Site since 1969.[1] There is no allegation that it has any relationship with the California Sportfishing Protection Alliance whatsoever. The mere fact that Fluor previously owned the Site at issue in the citizen suit filed by the California Sportfishing Protection Alliance does not mean that Fluor is "so identified in interest with" the California Sportfishing Protection Alliance that it "represents precisely the same right in respect to the subject matter involved." *Garvey*, 383 F.3d at 897 (citation omitted). Indeed, such an identification of interest between Fluor and the California Sportfishing Protection Alliance would be surprising given that Fluor is a corporation accused of discharging hazardous chemicals on the Site, while California Sportfishing Protection Alliance is a non-profit public benefit corporation dedicated to combating such alleged environmental violations. *Cf Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1070 (1998) ("A party is adequately represented for purposes of the privity rule if his or her interests are so similar to a party's interest that the latter was the former's virtual representative in the earlier action.").

West Coast Metals cites various authorities stating that privity is a flexible concept and should be determined on a case-by-case basis. Dkt. No. 189 at 2-3. That is true enough, but none of the cases cited by West Coast Metals is analogous to the present case. Privity is not such a flexible concept that it can bind Fluor to a settlement entered into by a non-profit with which it has

---

[1] Fluor alleges that it sold the Site to previously-dismissed defendant Ecodyne in 1969 and "ceased all ownership and operation of the Site" that year. Dkt. No. 157 ¶ 13. Fluor further alleges that Ecodyne owned and operated the Site until approximately 1984. *Id.* ¶ 13. The site is presently owned by third-party defendant Shiloh Road LLC and intervenor plaintiff The Shiloh Group LLC. *Id.* ¶¶ 8-9. West Coast Metals operates a scrap metal recycling facility on a portion of the Site owned by Shiloh Road. *Id.* ¶¶ 9-10.

4

1   no relationship or shared legal interests.

## CONCLUSION

West Coast Metals's motion to dismiss Fluor's third-party complaint is DENIED.  Dkt. No. 181.  West Coast Metals shall answer the third-party complaint by January 7, 2015.

**IT IS SO ORDERED**.

Dated: December 22, 2014



WILLIAM H. ORRICK
United States District Judge