UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLUOR CORPORATION,<br><br>　　　　Defendant. | Case No.  10-cv-05105-WHO<br><br>**ORDER VACATING CONSENT JUDGMENT**<br><br>Re: Dkt. Nos. 197, 198 |

　　　　On December 31, 2014, I entered the consent judgment proposed by plaintiff California River Watch and defendant Fluor Corporation. Dkt. No. 198. Pursuant to Federal Rule of Civil Procedure 60(a), I now VACATE that consent judgment to ensure that the judgment actually reflects what I intended. *See, e.g., Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990) ("A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision.").

　　　　Third-party defendant Shiloh Road, LLC objects to the consent judgment "to the extent that it purports to release claims that Shiloh Road, or other members of the general public, may have against Fluor arising from Fluor's historical operations on Shiloh Road's property." Dkt. No. 195. Plaintiff-in-intervention The Shiloh Group LLC similarly objects that "(a) River Watch has no authority to waive or release any past, present or future claims against Fluor by any person that is not a member of River Watch, and (b) members of the 'general public' are not members of River Watch." Dkt. No. 196.

　　　　When I entered the Consent Judgment, my understanding was that the judgment was between River Watch and Fluor only, and would NOT release claims that Shiloh Road or The Shiloh Group may have against Fluor. To the extent that River Watch and Fluor agree with my

understanding and those expressed in the objections of Shiloh Road and The Shiloh Group, River Watch and Fluor shall file a stipulation to that effect. If, on the other hand, River Watch and Fluor contend that their proposed consent judgment releases potential claims that Shiloh Road or The Shiloh Group may have against Fluor, or broadly releases claims by members of the "general public" who are not members of River Watch, they shall file a statement of authority in support of that position and respond to the objections of Shiloh Road and The Shiloh Group.

Shiloh Road and The Shiloh Group also object that the proposed consent judgment does not commit Fluor to remediating the site at issue and does not further the objectives of the RCRA. River Watch and Fluor shall also address those objections in their submissions.

To the extent that River Watch and Fluor determine that a revised proposed consent judgment which addresses the objections discussed above is appropriate, they shall file an amended proposed consent judgment and a motion to approve that amended proposed consent judgment.

**The supplemental submissions by River Watch and Fluor shall be filed with the Court by Monday, January 12, 2015. Any response from Shiloh Road or The Shiloh Group shall be filed by Thursday, January 15, 2015.** After reviewing these submissions, I may enter the proposed consent judgment or order additional briefing or a hearing, as appropriate.

**IT IS SO ORDERED**.

Dated: January 5, 2015

WILLIAM H. ORRICK
United States District Judge