UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH,<br><br>    Plaintiff,<br><br>    v.<br><br>FLUOR CORPORATION,<br><br>    Defendant.<br><br>THE SHILOH GROUP,<br><br>    Intervenor/Plaintiff,<br><br>    v.<br><br>FLUOR CORPORATION,<br><br>    Defendant.<br><br>FLUOR CORPORATION,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>SHILOH ROAD, WEST COAST METALS, INC., M&M SERVICES, INC.<br><br>    Third-Party Defendants. | Case No. 10-cv-05105-WHO<br><br>**ORDER REGARDING CONSENT JUDGMENT**<br><br>Re: Dkt. No. 194 |

**INTRODUCTION**

Plaintiff California River Watch and defendant Fluor Corporation have filed a stipulated request for approval and entry of a consent judgment. Dkt. No. 194. This litigation involves three separate complaints relating to 53 acres of real property located in Windsor, California (the "Site"): (i) River Watch filed a citizen suit against Fluor under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), alleging that Fluor created an endangerment to health or to the environment at the Site. Dkt. No. 146 ¶¶ 1-3 (fifth amended complaint); (ii)

intervenor plaintiff, The Shiloh Group, the current owner of 28 of the 53 acres on the Site, filed a complaint-in-intervention against Flour, seeking contribution for cleanup costs under CERCLA and asserting related claims. Dkt. No. 147 (complaint in intervention); and (iii) Fluor filed a third-party complaint against Shiloh Road, M&M Services, Inc. and West Coast Metals, Inc., the current industrial operators of the site. Dkt. No. 157 (third-party complaint).

Intervenor plaintiff The Shiloh Group and third party defendant Shiloh Road have objected to the proposed consent judgment because the release contained in it is overbroad and would preclude them from bringing RCRA and CWA claims if circumstances change. Dkt. Nos. 195, 196, 206, 207. River Watch and defendant Fluor filed a statement addressing the objections. Dkt. No. 204.

## DISCUSSION

The settlement agreement essentially provides that Flour will pay River Watch $50,000 and will present its revised remedial action plan for the Site to the California Department of Toxic Substances Control ("DTSC") for review and approval. While I do not doubt that the settlement between River Watch and Fluor is the result of an arms-length negotiation and, as a settlement between those two parties, is appropriate, I have concerns about the res judicata effect of the proposed release.

"[A] district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). Besides perhaps the payment to River Watch, it is not clear to me what benefit the "general public" obtains from the proposed consent judgment other than the continued jurisdiction of DTSC, which would occur absent the agreement. And, as both the remedial action that DTSC requires and this litigation are on-going, it seems possible that additional issues at the Site will be uncovered. If that occurs, consenting to a broad release for the general public now seems imprudent.

Fluor refers to this concern as hypothetical, and it may be right. The Environmental Protection Agency was provided notice of this action and opted not to intervene. Fluor argues that the proposed consent judgment only precludes The Shiloh Road and the Shiloh Group from

2

asserting a second citizen suit claim under the RCRA that seeks the same relief sought by River Watch, and that they would be barred from doing so in any event because they did not bring a RCRA claim as a compulsory counterclaim. In addition, it is not clear to me why The Shiloh Road and the Shiloh Group cannot get complete relief in this action with the claims already asserted.

Fluor minimizes the scope of the release for the general public. I read it more broadly. Section 4.1 states in relevant part:

> This Consent Judgment is a full, final, and binding resolution between River Watch, acting on behalf of itself, its members and the general public under the citizen suit provisions of RCRA and the CWA, . . . of all claims that were or could have been asserted by River Watch against Fluor under RCRA or the CWA based on the facts or conduct alleged in the Notices and/or in any complaints filed in this action . . . . River Watch, acting on behalf of itself, its members and the general public under the citizen suit provisions of RCRA and the CWA [Clean Water Act], releases, waives and forever discharges Defendant Releasees from the Released Claims.

*Id*. As currently drafted, the proposed judgment may preclude the general public from bringing a RCRA or CWA suit in the future or based on facts not presently known or if conditions at the Site change.

My concerns would be alleviated if Section 4.1 were revised to make the release narrower. For example, the section could be revised, in its entirety, as follows:

> This Consent Judgment is a full, final, and binding resolution between River Watch, acting on behalf of itself, its members and the general public under the citizen suit provisions of RCRA and the CWA, on the one hand, and Fluor and its current and former parent companies, subsidiaries, sister companies, affiliates, partners, joint venturers, officers, directors, shareholders, divisions, subdivisions, employees, agents, contractors, consultants, and their respective successors and assigns ("Defendant Releasees"), on the other hand, of all claims that were asserted by River Watch against Fluor under RCRA or the CWA.

Section 4.2 could remain the same to provide the broader release sought by Fluor against River Watch. In this way, River Watch's citizen suit would be concluded and Fluor's potential defenses to any new action by the public, if any, or the current litigants, would be preserved.

Only the parties can change the terms of the proposed consent judgment. I will set a Case

3

Management Conference for **Tuesday, February 3, 2015 at 2:00 p.m.** to see if River Watch and Fluor are willing to modify the proposed consent judgment as discussed above, whether there are any additional concerns about the revised consent judgment, and what impact the outcome of this discussion will have on the case management schedule. The parties shall file a Joint Status Report on February 2, 2015 after they have met and conferred about those topics.

**IT IS SO ORDERED**.

Dated: January 22, 2015



WILLIAM H. ORRICK
United States District Judge

4