UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH,<br><br>    Plaintiffs,<br><br>    v.<br><br>FLUOR CORPORATION,<br><br>    Defendant. | Case No. 10-cv-05105-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLARIFICATION**<br><br>Re: Dkt. No. 261 |

On August 7, 2015, I issued an order granting Fluor Corporation's motion for partial summary judgment that The Shiloh Group is a liable person for cost recovery under Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the California Hazardous Substances Account Act ("HSAA") and that The Shiloh Group cannot prevail on any affirmative defenses to liability. Dkt. No. 260. The Shiloh Group has now filed a motion asking me to "clarify" various parts of that order. Dkt. No. 261.

**A. Affirmative defenses**

The Shiloh Group raises one issue that requires clarification: whether my order precludes The Shiloh Group from arguing that Fluor's claims are time-barred. The parties only addressed this issue in The Shiloh Group's opposition and Fluor's reply memoranda to the motion for partial summary judgment, and on that record I found that there was no merit in The Shiloh Group's defense. However, given that limited record and because Fluor did not move for summary judgment on that issue, I will allow The Shiloh Group to file a memorandum of no more than ten pages in length and any supporting evidence within the next two weeks in support of its statute of limitation defenses, establishing either as a matter of law that the statute of limitation applies or that there is a question of material fact in dispute that would preclude summary judgment on that issue. Fluor may then file an opposition of similar length two weeks thereafter. There will be no

1   reply. The matter will be placed on the law and motion calendar for October 14, 2015.

2   As background, Fluor moved for partial summary judgment that The Shiloh Group cannot prevail on any affirmative defenses listed in CERCLA section 107(b): (i) an act of God; (ii) an act of war; or (iii) an act or omission of a third party, where certain conditions are met. *See* Dkt. No. 232 at 10-12. It made no mention of statutes of limitations defenses. In opposition, The Shiloh Group argued that Fluor's claims were time-barred. Fluor persuasively replied. I concluded that "The Shiloh Group has not established that this action is time-barred under either the three-year statute for removal actions or the six-year statute for remedial actions." Dkt. No. 260 at 7.

The Shiloh Group now seeks to clarify whether my determination that it cannot prevail on any affirmative defenses to liability is limited to the three affirmative defenses listed in CERCLA section 107(b) or whether it includes the statutes of limitation. To be clear, my order only awarded the relief that Flour sought, namely a determination that The Shiloh Group cannot prevail on the three affirmative defenses listed in section 107(b). The Shiloh Group did not cross-move for summary judgment that Fluor's claims were time-barred, so the issue was not squarely before me. That said, both parties made arguments concerning the limitation defense and my Order addressed why, based on the record before me, the statute of limitations would not bar Fluor's claim. The Shiloh Group asserts that it has additional evidence and argument that would change my analysis, and since the issue had not been raised in the motion itself, it is in the interest of justice to allow The Shiloh Group to expand the record and argument on this issue now. After the briefing ordered above, I will decide whether it is appropriate to grant summary judgment.

**B. All Other Issues**

The remainder of The Shiloh Group's motion is simply a disguised motion for reconsideration. It is DENIED because The Shiloh Group has neither sought, nor received, leave to file a motion for reconsideration as required under Civil Local Rule 7-9(a), which provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file

the motion."[1]

The Shiloh Group's motion improperly repeats arguments that I already addressed or raises arguments it could have, but did not, raise in its opposition brief. For example, The Shiloh Group argues that it has a valid causation/policy-based defense to liability, but it raised this argument in its opposition brief and I rejected it. *See* Dkt. No. 260 at 9 ("[C]ausation is not an element of cost recovery liability and causation-related defenses are inapplicable to the liability phase. Causation may be relevant at the damages phase, however, and The Shiloh Group will have an opportunity to present its arguments at that time."). The Shiloh Group may disagree with my ruling, but the ruling is clear.

The Shiloh Group also asks me to clarify what I ruled on its argument that Fluor's section 107(a) claim for cost recovery is precluded because Fluor is limited to a contribution claim under section 113(f)(b)(3), which allows a person who has "resolved its liability to the United States or a State . . . in an administrative or judicially approved settlement" to seek contribution. But this argument was not squarely raised in its briefing, as The Shiloh Group's counsel acknowledged at oral argument.[2] *See* Dkt. No. 268 at 3 ("Your Honor, what you might not have considered, and I may not have adequately briefed, is that in section 113(f)(3)(B), CERCLA provides a contribution cause of action to a party that has resolved some or all of its liability to a state pursuant to a

---

[1] To obtain leave to file a motion for reconsideration, a party must show (1) that a material difference in fact or law exists from that which was presented to the Court and that in the exercise of reasonable diligence the party did not know of such fact or law; (2) new material facts or a change of law; (3) or a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civil L.R. 7-9(b). The Shiloh Group has made no attempt to satisfy these requirements.

[2] In its opposition to Fluor's motion for partial summary judgment, The Shiloh Group argued that Fluor was limited a section 113(f)(1) action The Shiloh Group because the Consent Order was a section 106 action, triggering section 113(f)(1). *See* Dkt. No. 236-1 at 6-7 (arguing that "[u]nder CERCLA § 113(f)(1), a party otherwise within the scope of CERCLA has a claim for contribution against third parties 'during or following any civil action under' CERCLA § 106 or § 107(a)" and that "[t]he Consent Order is an administrative action against Fluor . . . for purposes of CERCLA § 106, which means that Fluor's only CERCLA claim is for contribution under CERCLA § 113(f)"). I rejected that argument, explaining that "Consent Orders issued by state agencies do not constitute civil actions under sections 106 or 107 and therefore do not trigger section 113." Dkt. No. 260 at 5.

settlement -- an administrative settlement."). The Shiloh Group waived that argument by not presenting it in its papers and it is not entitled to clarification of an issue which it did not properly raise. *See, e.g.*, *Makaeff v. Trump Univ., LLC,* 2014 WL 2743244, at *4 n.2 (S.D. Cal. June 17, 2014) ("the Court need not consider issues raised for the first time during oral argument").

However, even if The Shiloh Group had properly raised its section 113(f)(3)(B) argument, it would not have precluded summary judgment because the Consent Order did not resolve DTSC's claims against Fluor and Fluor did not admit liability. *See* Dkt. No. 234-2 § 1.6 (consent order stating that Fluor's "consent to the issuance of this Order shall not be construed as an admission of any liability for the conditions at the site."); Dkt. No. 234-3 § 3.25 (amendment to consent order stating that "[n]othing in this Order shall constitute or be construed as a satisfaction or release from liability for any conditions operations or claims arising as a result of past, current or future operations of Respondent"). The Consent Order does not resolve Fluor's liability to the United States or a State and does not trigger section 113(f)(3)(B). *See, e.g.*, *BASF Catalysts LLC v. United States*, 479 F. Supp. 2d 214, 220 (D. Mass. 2007) ("Plaintiff's claim must be dismissed, as the Consent Order does not resolve liability with the United States or a state as required by the text of § 113.").

## CONCLUSION

The parties may brief the statute of limitation issue as set forth in the second paragraph of this Order. The matter will be placed on the law and motion calendar for October 14, 2015. In all other respects, The Shiloh Group's motion for clarification is DENIED.[3]

**IT IS SO ORDERED**.

Dated: September 1, 2015

WILLIAM H. ORRICK
United States District Judge

---

[3] In its opposition to The Shiloh Group's motion for clarification, Fluor requested that The Shiloh Group and its counsel be sanctioned for filing an improper motion for reconsideration. Dkt. No. 262 at 3-4. Because The Shiloh Group raises an issue that merits clarification, I deny the request for sanctions.